DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | Civil Action No. 2016-0012 |
| $6,700.00 IN UNITED STATES CURRENCY, ) | |
| REPRESENTING 2,420 PUERTO RICAN ) | |
| LOTTERY TICKETS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**Attorneys:**
**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on Plaintiff United States of America's ("Plaintiff") Motion for Default Judgment of Forfeiture *in Rem* ("Motion") and its corresponding Memorandum of Law in Support. (Dkt. Nos. 18, 19).

In its Motion, Plaintiff requests that the Court enter a default judgment of forfeiture *in rem* with respect to $6,700 in United States Currency representing 2,420 Puerto Rican lottery tickets ("Defendant Property"), pursuant to Federal Rule of Civil Procedure 55(b)(2) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). (Dkt. No. 18 at 1). In support of its request for a default judgment, Plaintiff represents that (1) Defendant Property is subject to forfeiture pursuant to the Tariff Act of 1930 ("Tariff Act")—specifically, 19 U.S.C. § 1305; (2) Plaintiff has satisfied the requirements of Federal Rule of Civil Procedure 55 and Rule G; and (3) default judgment is proper here in light of the factors set forth in *Chamberlain v. Giampapa*, 210 F.3d 154 (3d Cir. 2000). (Dkt. No. 19 at 4-7). For the reasons

discussed below, the Court will grant Plaintiff's Motion and enter default judgment of forfeiture *in rem* in favor of Plaintiff and against Defendant Property.

## I. BACKGROUND

On September 12, 2015, Customs and Border Protection ("CBP") officers performed a search of Edison Ortiz-Carmona's ("Ortiz-Carmona") luggage at the Henry E. Rohlsen airport on St. Croix, U.S. Virgin Islands. (Dkt. No. 1-2 at 2-3). Ortiz-Carmona intended to board a flight from St. Croix to San Juan, Puerto Rico. *Id.* at 2. The search revealed two envelopes containing 2,420 Puerto Rican lottery tickets, which were later determined to be winning tickets and were redeemed for a value of $6,700. *Id.* at 3-4. The CBP officers made a determination that Ortiz-Carmona's attempt to carry the lottery tickets from St. Croix to Puerto Rico constituted a violation of 19 U.S.C. § 1305, and therefore seized the tickets. *Id.* at 4.

Plaintiff filed a verified complaint for forfeiture *in rem* against Defendant Property on February 17, 2016. (Dkt. No. 1). The Court issued a warrant for the arrest of articles *in rem* with respect to Defendant Property on February 18, 2016, and the warrant was executed on March 29, 2016. (Dkt. Nos. 3, 8). Service of a summons, the verified complaint, the arrest warrant, and a letter notifying Ortiz-Carmona of the action he was required to take to file a claim with respect to Defendant Property was effected on May 9, 2016. (Dkt. No. 19 at 2; Dkt. No. 14). Notice of the action was also published on the internet. (Dkt. No. 19 at 2). On November 1, 2016—in the absence of any action by potential claimants with respect to Defendant Property—the Clerk of Court entered default against Ortiz-Carmona and all persons claiming or having an interest in Defendant Property. (Dkt. No. 17). Plaintiff filed the instant Motion on February 10, 2017. As of the date of this Opinion, neither Ortiz-Carmona nor any other party with a potential claim of interest in Defendant Property has filed a response.

## II. DISCUSSION

### A. Statutory Basis for Forfeiture of Defendant Property

Title 19 U.S.C. § 1305 states, in pertinent part: "All persons are prohibited from importing into the United States from any foreign country . . . any lottery ticket, or any printed paper that may be used as a lottery ticket, or any advertisement of any lottery . . . . [A]ll such articles . . . shall be subject to seizure and forfeiture as hereinafter provided . . . ." 19 U.S.C. § 1305(a).[1]

In the instant case, Defendant Property was seized as Ortiz-Carmona attempted to travel from St. Croix in the U.S. Virgin Islands to Puerto Rico—an unincorporated territory and a commonwealth of the United States, respectively. Plaintiff asserts that Defendant Property is subject to forfeiture under 19 U.S.C. § 1305 because the U.S. Virgin Islands is considered a "foreign country" for purposes of the statute.

The First Circuit examined this issue in *Couvertier v. Gil Bonar*, 173 F.3d 450 (1st Cir. 1999), a case presenting similar facts. Couvertier sought the recovery of $45,828 plus interest in prized Puerto Rican lottery tickets that were seized by Customs officers under 19 U.S.C. § 1305 as he arrived in Puerto Rico from the U.S. Virgin Islands. *Id.* at 451. He argued that the seizure of the lottery tickets was unauthorized because the U.S. Virgin Islands is not a foreign country for purposes of the statute. *Id.* The First Circuit rejected Couvertier's argument. Looking to the language of the Tariff Act, the *Couvertier* court noted that while the Tariff Act does not define the term "foreign country," it does define the term "United States" as including "all Territories and possessions of the United States *except the Virgin Islands*, American Samoa, Wake Island, Midway Islands, Kingman Reef, Johnston Island and the island of Guam." *Id.* at 452 (emphasis in

---

[1] The statute also establishes enforcement procedures and authorizes the seizure of any such lottery tickets by an "appropriate customs officer," and the institution of forfeiture proceedings by the United States Attorney in the district where the seizure took place. 19 U.S.C. § 1305(b).

original) (quoting 19 U.S.C. § 1401(h)). The First Circuit thus determined that "[a] plain and proper reading of the statute supports the conclusion that the U.S.V.I. are deemed a 'foreign country' for purposes of the [Tariff] Act." *Id.*[2]

The Court finds the First Circuit's analysis of the Tariff Act persuasive, and thus adopts its holding—based on a plain reading of the statute—that the U.S. Virgin Islands is considered a "foreign country" for purposes of 19 U.S.C. § 1305. Accordingly, the Court finds that the seizure of the Puerto Rican lottery tickets by CBP officers as Ortiz-Carmona attempted to carry the tickets from St. Croix to Puerto Rico—and the subsequent forfeiture proceedings initiated by the United States Attorney's Office for the District of the Virgin Islands—were proper under the statute.

**B.    Default Judgment**

Default judgements are governed generally by Federal Rule of Civil Procedure 55, which establishes that a clerk of court must enter the default of a "party against whom a judgment for affirmative relief is sought [if the party] has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." FED. R. CIV. P. 55(a). Following entry of default by the clerk of court, a plaintiff may request the entry of default judgment by a court under Federal Rule of Civil Procedure 55(b)(2). *Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.,* 175 F. App'x. 519, 521 n.1 (3d Cir. 2006)). Courts in the Third Circuit consider three factors

---

[2] The *Couvertier* court also found that a contrary conclusion would be at odds with the Tariff Act's purpose with respect to "avoid[ing] the importation into the United States of various types of printed material including lottery tickets," noting that, "[i]nasmuch as the U.S.V.I. have preserved their own customs territory, independent from United States customs control, allowing entry of this material from the U.S.V.I. would circumvent the statute's goal." *Id.* The Third Circuit has similarly recognized that the Tariff Act excludes the U.S. Virgin Islands from its definition of the United States and that, "since the acquisition of the Virgin Islands, Congress has consistently asserted its authority to impose a border between the Virgin Islands and the rest of the United States for customs purposes . . . ." *United States v. Hyde*, 37 F.3d 116, 121 (3d Cir. 1994).
4

in determining whether a request for default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)).

For forfeiture *in rem* actions, Rule G provides specific requirements with respect to, *inter alia*, the contents of the government's verified complaint, the issuance of arrest warrants for property, and the provision of notice to known potential claimants and by general publication. FED. R. CIV. P. SUPP. R. G. The government must satisfy these requirements for entry of default judgment to be proper. *See United States v. $24,700 in U.S. Currency*, 2015 WL 4647978, at *3 (D.N.J. Aug. 5, 2015) (noting that "[u]nder Rule G, the Government must satisfy certain requirements to properly bring a forfeiture action against a defendant *in rem*"); *United States v. $16,010.00 in U.S. Currency*, 2011 WL 2746338, at *3 (D.N.J. July 13, 2011) (before default judgment is proper, the government must comply with the notice requirements of Rule G and the "Clerk of the Court must enter default against the defendant currency after the properly notified potential claimant has failed to answer or file a Notice of Claim").

With regard to the requirements established by Rule G, Plaintiff filed an appropriate verified complaint, obtained an arrest warrant from the Court with respect to Defendant Property, sent notice of the action along with appropriate accompanying documentation to Ortiz-Carmona as a known potential claimant, and published notice of the action online. (Dkt Nos. 1, 3, 14, 19). As such, Plaintiff complied with the requirements established by Rule G.[3] In the absence of any

---

[3] Rule G requires that the a complaint in a forfeiture *in rem* action "(a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its

claims to Defendant Property, Plaintiff filed a motion for an entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a). The Clerk of Court entered default, and Plaintiff subsequently made the instant request for entry of default judgment in accordance with Federal Rule of Civil Procedure 55(b)(2). Accordingly, Plaintiff has met all of the procedural requirements necessary for entry of default judgment by the Court.

Plaintiff asserts that the three factors identified by the Third Circuit in *Chamberlain*, 210 F.3d 154, further justify entry of default judgment by the Court in this case. Plaintiff argues that (1) it will be prejudiced if default judgment is denied because "[t]here is no other remedy at law or equity to forfeit or condemn Defendant Property;" (2) the known potential claimant—Ortiz-Carmona—"has no defense to this action[] [as h]e was caught red-handed at the airport on St. Croix attempting to import the Puerto Rico lottery tickets into Puerto Rico;" and (3) Ortiz-Carmona was properly notified of the action, had ample time to respond, and failed to appear.

The Court concludes that entry of default judgment is appropriate here based on the prejudice Plaintiff will suffer if default judgment is not entered, the absence of any evidence that

---

location when any seizure occurred and--if different--its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." FED. R. CIV. P. SUPP. R. G(2). Plaintiff's complaint meets each of these requirements. Rule G further establishes that—where the defendant is not real property—"(i) the clerk must issue a warrant to arrest the property if it is in the government's possession, custody, or control; (ii) the court—on finding probable cause—must issue a warrant to arrest the property if it is not in the government's possession, custody, or control and is not subject to a judicial restraining order; and (iii) a warrant is not necessary if the property is subject to a judicial restraining order." FED. R. CIV. P. SUPP. R. G(3)(B). In this case, Plaintiff obtained a warrant for the arrest of Defendant Property from the Court after Magistrate Judge George W. Cannon, Jr. found probable cause that Defendant Property was subject to forfeiture. (Dkt. No. 3 at 1). Plaintiff further complied with the notice requirements under Rule G(4)(a) and (b) by publishing notice of the action on the internet and serving Ortiz-Carmona—as a known potential claimant—with a copy of the summons, the verified complaint, an arrest warrant, and a letter notifying Ortiz-Carmona of the action he was required to take to file a claim with respect to Defendant Property.

6

Ortiz-Carmona—or any other person claiming an interest in Defendant Property—would have a litigable defense were he to appear, and the fact that neither Ortiz-Carmona nor any other person claiming an interest in Defendant Property has timely filed a claim despite the notice of this action provided by Plaintiff. Accordingly—and because Plaintiff has further complied with the procedural requirements for the entry of default judgment under Federal Rule of Civil Procedure 55 and Rule G—the Court will grant Plaintiff's Motion and enter default judgment of forfeiture *in rem* in favor of Plaintiff and against Defendant Property.

### III. CONCLUSION

For the reasons set forth above, the Court will grant Plaintiff's Motion for Default Judgment of Forfeiture *in Rem*. An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: April 4, 2018 

_____/s/_____
WILMA A. LEWIS
Chief Judge